Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
KATHERINE ROSE DE LA CRUZ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| KATHERINE ROSE DE LA CRUZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>TK CREDIT RECOVERY, D/B/A SMITH AND ASSOCIATES, a California corporation; and ERIC LLEWELLYN KAASA, A/K/A ERIC SMITH, individually and in his official capacity,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code §§ 1692-1692p<br>California Civil Code §§ 1788-1788.33 |

Plaintiff, KATHERINE ROSE DE LA CRUZ (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees, and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff also seeks statutory damages, attorney fees, and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive, and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

---

[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, KATHERINE ROSE DE LA CRUZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h) and a "senior citizen" as that term is defined by Cal. Civil Code § 1761(f).

9. Defendant, TK CREDIT RECOVERY, D/B/A SMITH AND ASSOCIATES (hereinafter "TK CREDIT"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 51 Main Street, Isleton,

California 95641.  TK CREDIT may be served as follows: TK Credit Recovery, c/o Eric Kaasa, Agent for Service of Process, 51 Main Street, Isleton, California 95641.  The principal business of TK CREDIT is the collection of defaulted consumer debts using the mails, telephone, and internet, and TK CREDIT regularly attempts to collect defaulted consumer debts alleged to be due another.  TK CREDIT is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, ERIC LLEWELLYN KAASA, A/K/A ERIC SMITH (hereinafter "KAASA") is a natural person and is or was an employee, agent, officer, and/or director of TK CREDIT at all relevant times.  KAASA may be served at his business address at: Eric Llewellyn Kaasa, TK Credit Recovery, 51 Main Street, Isleton, California 95641 and at his residential address at Eric Llewellyn Kaasa, 2684 Sonoma Way, Pinole, California 94564.  The principal purpose of KAASA's business is the collection of defaulted consumer debts due or alleged to be due another.  KAASA is regularly engaged in the business of collecting defaulted consumer debts through the use of the U.S. Mail, telephone, and internet.  KAASA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that KAASA is liable for the acts of TK CREDIT because he is a managing member of TK CREDIT, he sets and approves TK CREDIT collection policies, practices, and procedures, and he directed and directly participated in the unlawful activities described herein.

11.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Meriwest Credit Union (hereinafter "the alleged debt").  The alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

14. Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

15. A true and accurate copy of the collection letter is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16. The collection letter (Exhibit "1") is dated July 29, 2014.

17. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

18. On or about August 8, 2014, Plaintiff mailed a letter to Defendants which stated:

> With this letter I hereby request that you CEASE and DESIST any and all efforts to collect on the above referenced account.  I have attached a copy of your most recent correspondence for your reference.
>
> You are hereby instructed to cease all collection efforts immediately or face legal sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c) and/or the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.
>
> Until advised otherwise, you should mark this account as "disputed," pursuant to 15 U.S.C. §§ 1692e(8) and 1692g(b).

> Finally, please be advised that I am a senior citizen and any further collection communications will cause me undue stress and anxiety. See Cal Civil Code § 3345.
>
> PLEASE MARK YOUR FILES ACCORDINGLY.

19. A true and accurate copy of Plaintiff's cease and desist letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20. Defendants received Plaintiff's cease and desist letter (Exhibit "2") on or about August 11, 2014.

21. A true and accurate copy of the Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's cease and desist letter (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

22. Thereafter, Defendants had actual knowledge that their conduct was directed towards a senior citizen.

23. After receiving Plaintiff's cease and desist letter (Exhibit "2"), Defendants continued their collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

24. After receiving Plaintiff's cease and desist letter (Exhibit "2"), Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt.

25. Thereafter, Defendants sent an email communication to Plaintiff which is a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

26. A true and accurate copy of the email communication from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

27. The email communication (Exhibit "4") was sent on or about July 26, 2017.

28. As a senior citizen subjected to Defendants' abusive, deceptive, and unfair

collection practices, Plaintiff is entitled to treble damages, pursuant to Cal. Civil Code § 3345.[2]

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

30. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendant, TK CREDIT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. Defendant, KAASA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34. The financial obligation alleged to be owed to Meriwest Credit Union by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

35. Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

    a. Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt, after receiving written notification from Plaintiff requesting that Defendants cease and desist their collection collection efforts, in violation of 15 U.S.C. § 1692c(c); and

    b. Defendants continued their collection efforts against Plaintiff after receiving

---

[2] See, *Johnson v. CFS II, Inc.*, 2013 U.S. Dist. LEXIS 61017 (N.D. Cal. April 28, 2013) (Awarding treble damages under Cal. Civil Code § 3345 in an FDCPA case).

a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the alleged debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

36. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

39. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

41. Defendant, TK CREDIT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42. Defendant, KAASA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43. The financial obligation alleged to be owed to Meriwest Credit Union by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

44. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendants continued to communicate directly with Plaintiff in an attempt

to collect the alleged debt, after receiving written notification from Plaintiff requesting that Defendant cease and desist their collection efforts, in violation of Cal. Civil Code § 1788.17;[3] and

b.  Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the alleged debt and mailing a copy of such verification to the Plaintiff, in violation of Cal. Civil Code § 1788.17.[4]

45.  Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, as that term is defined by Cal. Civil Code § 1788.30(b).

46.  As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

47.  As a result of Defendants, violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[5]

48.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[6]

49.  Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

---

[3] 15 U.S.C. § 1692c(c).
[4] 15 U.S.C. § 1692g(b).
[5] 15 U.S.C.§ 1692k(a)(2)(A).
[6] 15 U.S.C.§ 1692k(a)(3).

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a.    Assume jurisdiction in this proceeding;

    b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b);

    c.    Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

    d.    Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

    f.    Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[7]

    g.    Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

    h.    Award Plaintiff treble damages, pursuant to Cal. Civil Code § 3345; and

    i.    Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[7] 15 U.S.C. § 1692k(a)(2)(A).

| | |
|---|---|
| | CONSUMER LAW CENTER, INC. |
| Dated: January 8, 2018 | By: /s/ Fred W. Schwinn |
| | ☐ Fred W. Schwinn (SBN 225575) |
| | ☐ Raeon R. Roulston (SBN 255622) |
| | ☐ Matthew C. Salmonsen (SBN 302854) |
| | CONSUMER LAW CENTER, INC. |
| | 12 South First Street, Suite 1014 |
| | San Jose, California 95113-2418 |
| | Telephone Number: (408) 294-6100 |
| | Facsimile Number: (408) 294-6190 |
| | Email Address: fred.schwinn@sjconsumerlaw.com |
| | |
| | Attorneys for Plaintiff |
| | KATHERINE ROSE DE LA CRUZ |

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATHERINE ROSE DE LA CRUZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

PO BOX 5266
POLAND, OH 44514
1-877-908-1645
July 29, 2014

# SMITH AND ASSOCIATES
PO Box 5266
POLAND, OH 44514

ADDRESS SERVICE REQUESTED

#BWNFTZF #TKF7691427814070#

KATHERINE R DE LA CRUZ
16735 RITA DR
MORGAN HILL CA 95037-5282



Original Creditor:   MERIWEST CREDIT UNION
Account Number:    301205
Account Balance:   $2868.43

Dear KATHERINE R DE LA CRUZ:

Your account with MERIWEST CREDIT UNION was referred to our office to collect the balance of 2868.43. If you fail to make arrangements to repay this debt we may file a lawsuit against you. If we are awarded a judgment against you it is likely that we will be awarded court and attorney costs. We would like to help you avoid those additional costs, so please send in payment in full or contact us by phone at **877-908-1645** or visit us online at smithaalaw.com. Your file number is: 301205

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us of any such dispute in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of a judgement and mail you a copy. If you request in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor if different from the current creditor.

Our firm has yet to determine in which jurisdiction this filing may take place and the appropriate attorney for the file. Upon that determination, the filing will be carried out as appropriate. If you have any questions, please call me directly at **877-908-1645**.

Sincerely,

Eric Smith
Eric@smithaalaw.com

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NOTICE: SEE IMPORTANT NOTICE REGARDING YOUR STATE ON NEXT PAGE.

*** Please Return This Portion In The Envelope Provided ***

PLEASE MAKE YOUR CHECK PAYABLE
TO "SMITH AND ASSOCIATES" AT THE
FOLLOWING ADDRESS:

Original Creditor:   MERIWEST CREDIT UNION
Account Number:    301205
Account Balance:   2868.43

Smith And Associates
Attn: Payment Processing
PO Box 5266
Poland, OH 44514

KATHERINE R DE LA CRUZ
16735 RITA DR
MORGAN HILL CA 95037-5282



EXHIBIT 1

TKF31-0728-498050680-00011-11

## CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## COLORADO

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

## MASSACHUSETTS

The State of Massachusetts requires that we disclose the following for Massachusetts Residents: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION FOR THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

## MINNESOTA

This collection agency is licensed by the Minnesota Department of Commerce.

## TENNESSEE

This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

## WISCONSIN

This collection agency is licensed by the: Office of the Administrator of the Division of banking, P.O. Box 7876, Madison, Wisconsin 53707

# CEASE AND DESIST LETTER

**Smith and Associates**
Collection Agency's Name

**PO Box 5266**
Collection Agency's Address

**Poland, Oh 44514**

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**August 8, 2014**
Today's Date

**7011 2000 0001 1295 2456**
Tracking Number

Re: Account No. **301205**

Dear Sir or Madam:

With this letter I hereby request that you CEASE and DESIST any and all efforts to collect on the above referenced account. I have attached a copy of your most recent correspondence for your reference.

You are hereby instructed to cease all collection efforts immediately or face legal sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c) and/or the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

Until advised otherwise, you should mark this account as "disputed," pursuant to 15 U.S.C. §§ 1692e(8), and 1692g(b).

Finally, please be advised that I am a senior citizen and any further collection communications will cause me undue stress and anxiety. See Cal Civil Code § 3345.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

**Katherine DeLaCruz**
Sign your name here

**Katherine DeLaCruz**
Print your name here

**16735 Rita Dr**
Print your address here

**Morgan Hill, Ca 95137**

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here

Sent To **Smith & Associates**
Street, Apt. No.; or PO Box No. **PO Box 5266**
City, State, ZIP+4 **Poland, Oh 44514**

PS Form 3800, August 2006    See Reverse for Instructions

**EXHIBIT 2**

PO BOX 5266
POLAND, OH 44514
1-877-908-1645
July 29, 2014

**SMITH AND ASSOCIATES**
PO BOX 5266
POLAND, OH 44514

ADDRESS SERVICE REQUESTED

#BWNFTZF #TKF7691427814070#

KATHERINE R DE LA CRUZ
16735 RITA DR
MORGAN HILL CA 95037-5282

Original Creditor: MERIWEST CREDIT UNION
Account Number: 301205
Account Balance: $2868.43

Dear KATHERINE R DE LA CRUZ:

Your account with MERIWEST CREDIT UNION was referred to our office to collect the balance of 2868.43. If you fail to make arrangements to repay this debt we may file a lawsuit against you. If we are awarded a judgment against you it is likely that we will be awarded court and attorney costs. We would like to help you avoid those additional costs, so please send in payment in full or contact us by phone at **877-908-1645** or visit us online at smithaalaw.com. Your file number is: 301205

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us of any such dispute in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of a judgement and mail you a copy. If you request in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor if different from the current creditor.

Our firm has yet to determine in which jurisdiction this filing may take place and the appropriate attorney for the file. Upon that determination, the filing will be carried out as appropriate. If you have any questions, please call me directly at **877-908-1645**.

Sincerely,

Eric Smith
Eric@smithaalaw.com

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NOTICE: SEE IMPORTANT NOTICE REGARDING YOUR STATE ON NEXT PAGE.

---

*** Please Return This Portion In The Envelope Provided ***

PLEASE MAKE YOUR CHECK PAYABLE TO "SMITH AND ASSOCIATES" AT THE FOLLOWING ADDRESS:

Original Creditor: MERIWEST CREDIT UNION
Account Number: 301205
Account Balance: 2868.43

Smith And Associates
Attn: Payment Processing
PO Box 5266
Poland, OH 44514

KATHERINE R DE LA CRUZ
16735 RITA DR
MORGAN HILL CA 95037-5282

TKF31-0728-498050680-00011-11

## CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## COLORADO

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

## MASSACHUSETTS

The State of Massachusetts requires that we disclose the following for Massachusetts Residents: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION FOR THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

## MINNESOTA

This collection agency is licensed by the Minnesota Department of Commerce.

## TENNESSEE

This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

## WISCONSIN

This collection agency is licensed by the: Office of the Administrator of the Division of banking, P.O. Box 7876, Madison, Wisconsin 53707

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Smith and Associates
PO Box 5266
Poland, Oh 44514

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Kristi Vagnarell   ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Kristi Vagnarell
C. Date of Delivery: 8/11/14

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

AUG 11 2014

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label):
7011 2000 0001 1295 2456

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**EXHIBIT 3**

Case 5:18-cv-00132-HRL   Document 1   Filed 01/08/18   Page 18 of 18



Kathy DeLaCruz <█████████@gmail.com>

## Formal Legal Notice

**Eric Smith** <esmith@smithaalaw.com>                    Wed, Jul 26, 2017 at 5:26 PM
To: kathy delacruz <█████████@gmail.com>

# SMITH AND ASSOCIATES

File Number:301205

Dear KATHERINE R DE LA CRUZ/:

You failed to respond to our efforts to contact your regarding your debt with MERIWEST CREDIT UNION. This is notice that unless you pay your balance of $3621.68 or contact us wtihin 48 hours at 510-275-4603 we will prepare your file for a lawsuit or attempt to enforce an already existing judgment. If you live in a community property state (CA, AZ, WI, ID, NV, NM) your spouse will be named as a defendant in this lawsuit, in addition to yourself.

If we are awarded a judgment against you, we typically receive an award of actual costs of filing the suit plus attorney fees. If you contact us now we may be able to help you avoid those additional costs.

Once we have a judgment against you, the courts will issue a writ of execution to the local sheriff's department. The sheriff may then proceed with the following actions agains you to satisfy this debt: garnishment of your wages, liens on your real property, sale of personal property, and/or levying of funds in bank accounts.

Please note that if we already have a judgment against you, making a payment will not necessarily stop any garnishment or liens. Therefore, it is recommended that you contact us to work out an appropriate arrangement.

Sincerely,

Eric Smith
esmith@smithaalaw.com


THIS COMMUNICATION IS FROM A LAW FIRM ACTING AS A DEBT COLLECTOR AND IS IN COMPLIANCE WITH ALL DEBT COLLECTION LAWS AND REGULATIONS. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**EXHIBIT 4**